UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERAH L. STAMPS #209275,

    Plaintiff,

v.                                                Case No. 2:06-cv-204
                                                HON. GORDON J. QUIST
JEFF WHITE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. On February 9, 2007, this Court ordered service of Plaintiff's complaint on Defendants. On March 29, 2007, Defendants filed a motion for summary judgment (docket #21) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response (docket #24) and brief (docket #25) on or about April 11, 2007. In addition, Defendants and Plaintiff each filed supplemental pleadings addressing the motion (docket #27, #32). Upon review, I recommend that Defendants' motion for summary judgment be granted based on Plaintiff's failure to exhaust his available administrative remedies.

**Applicable Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of

law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir.), *cert. denied*, 126 S. Ct. 650 (2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.), *cert. denied*, 126 S. Ct. 338 (2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief of the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth

Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### Facts

Plaintiff Terah L. Stamps, an inmate currently confined at the Kinross Correctional Facility (KCF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, Defendants include Warden Jeff White, Inspector D. Majurin, and Corrections Officer Unknown Kellett, all of whom are employed at Ojibway Correctional Facility (OCF).

Plaintiff's complaint alleges that while he was confined at the OCF, Defendants subjected him to beatings, deprivation of food and water, medical neglect, and other inhumane conditions which were motivated by racial animus and the desire to retaliate against him for his work as B Unit Representative, Chairman of the Warden's Forum, and Lead Store Worker.

Plaintiff claims that on April 9, 2006, OCF experienced a riot in A Unit. At the time of the riot, Plaintiff was on top lock in B Unit. On April 10, 2006, Plaintiff was awakened at gun point by members of the emergency response team. He was placed in wrist and leg restraints and forcefully escorted to the Control Center. At the Control Center, while still in restraints, he was subjected to beatings, being knocked to the floor and kicked, having his fingers twisted, and his legs pulled up toward his back. He was placed on a table in a cold room where he waited for several

hours, and never received food or water. His requests for medical attention were ignored. He was eventually placed in metal leg restraints and belly chains and interrogated about his role in instigating the riot. He was beaten during the interrogation by members of the emergency response team.

Plaintiff was taken to the Baraga Maximum Facility and placed in punitive segregation. Defendant Marjurin issued a major misconduct report alleging that the riot at OCF was the direct result of Plaintiff's actions and recruitment of other prisoners to participate in the riot. On April 12, 2006, Defendant Kellett submitted a memorandum stating that he had observed Plaintiff meeting with other prisoners in the yard. After a hearing held on April 25, 2006, the hearing officer dismissed the charges.

On April 14, 2006, Plaintiff was transferred to Marquette Branch Prison. He finally received a shower on April 18, 2006, and medical attention on April 25, 2006. For relief, Plaintiff requests that each Defendant be held liable for ten million dollars. He also seeks the Court's assistance in filing felony charges against the Defendants.

## Discussion

Defendants claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review

4

process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or

---

[1]The MDOC recently amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III. *Id.* at ¶S. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.*

Defendants contend that Plaintiff attempted to file three untimely grievances in this case in which he raised the issues set forth in his complaint. Plaintiff filed his grievances directly to step III, claiming that they involved allegations of ethnic discrimination, staff corruption, or brutality. Plaintiff's grievances were rejected because the issues were no longer timely. In support of this assertion, Defendants attach a copy of each of these grievances. (*See* Defendants' Exhibit 2.)

In response to Defendants' motion for summary judgment, Plaintiff concedes that he only filed the three grievances, and that they were untimely. Plaintiff claims that because he was transferred from one prison to another, he was unable to file a timely grievance. In their reply to Plaintiff's response, Defendants state that even though was transferred several times, he was at KCF by May 12, 2006. Plaintiff did not attempt to file a grievance until June 23, 2006, for an incident which occurred on April 10, 2006. (*See* Defendants' Exhibit 2.) Moreover, Plaintiff did not offer

6

his transfer as a reason for the untimeliness of the grievances at the time they were filed. As noted above, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules in order to properly exhaust administrative remedies. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). Because Defendants have shown that Plaintiff did not comply with prison grievance procedures, the undersigned recommends that their motion for summary judgment be granted.

### Recommended Disposition

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (docket #21) be granted. In addition, should the court adopt this report and recommendation, Plaintiff's motion to supplement his complaint (docket #36) is properly denied as moot.

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 14, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).